UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE WILLIAMS,

    Plaintiff,

vs.                                                    CASE NO.:

NATIONAL AVIATION
SERVICES, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Eugene Williams, by and through her undersigned counsel, sues the Defendant, National Aviation Services, LLC., and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction in accordance with 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. At all times material herein, Plaintiff, Eugene Williams, ("Williams" or "Plaintiff") was and is a resident of Hillsborough County, Florida.

4. At all times material herein, Defendant, National Aviation Services, LLC ("National Aviation" or "Defendant"), was and is a foreign for-profit corporation, authorized

to and doing business in Hillsborough County, Florida.

5. Defendant is an "employer," as defined by the laws under which this action is brought.

## FACTUAL ALLEGATIONS

6. Plaintiff, an African American male, began his employment with the Defendant in or around September 2019 as an Exterior Detailer. Plaintiff reported to the Station Manager.

7. Shortly after he was hired, Plaintiff began to experience issues with racial discrimination and retaliation. On one of his first days on the job, a male co-worker named Joel made disparaging and racists comments amount Plaintiff's race. These comments were made in front of the Assistant Manager who did nothing about it.

8. Plaintiff reported the incident to his supervisor, the Station Manager, who arranged a meeting with the co-worker, the Assistant Manager, and Plaintiff. At that meeting, the Station Manager said that he would not tolerate discriminatory comments.

9. Several days later, Plaintiff endured another incident with another co-worker, Valentino, who made derogatory comments about Plaintiff because of his race. Valentino was friends with Joel and the Assistant Manager. Plaintiff reported these comments to the Station Manager as well, who said that he would talk to Valentino (and that he spoken with him about those kinds of comments before).

10. Following that complaint, things still did not improve. Shortly after that, Plaintiff had another incident with Valentino in the employee parking lot. During that incident Valentino hurled racial insults and spit on Plaintiff. Plaintiff again spoke to the Station Manager about the discriminatory behavior.

11. When things did not improve, and Plaintiff felt he could work in that environment, he reached out to Human Resources and let them know that he planned to resign. Defendant's Human Resource representative said they would address the situation and asked him to return to work, which Plaintiff did.

12. When Plaintiff returned to work, he found that Joel and Valentino were no longer there. But things remained difficult for Plaintiff because his Assistant Manager had been friends with them and was upset that he complained about them. Plaintiff reported his Assistant Manager's hostility to the Station Manager who said he would look into it.

13. The situation did not improve, however, and Plaintiff ultimately resigned due to ongoing retaliation for reporting his co-workers discriminatory behavior.

## COUNT I
## RACE DISCRIMINATION – 42 U.S.C. § 1981[1]

14. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 13.

15. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

16. By reason of the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race.

17. Defendant's unlawful and discriminatory employment practices towards Plaintiff were intentional.

18. Because of Defendant's unlawful employment practices. Plaintiff has suffered and continues to suffer damages.

---

[1] Plaintiff previously filed a Charge of Discrimination with the EEOC and intends to seek leave to amend the complaint to add those Title VII claims when administratively proper.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief available under federal law including compensation for lost wages, benefits, and other renumeration; interest; emotional pain and suffering, humiliation, and any other compensatory damages legally permitted; reinstatement, attorneys' fees, costs, expenses, and all other relief that this Court deems just and proper.

## COUNT II
## RETALIATION – 42 U.S.C. § 1981

19. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 13.

20. By reason of the conduct described above, Plaintiff engaged in activity protected by § 1981.

21. Defendant subjected Plaintiff to a materially adverse employment action by retaliating and constructively discharging him after him engaged in protected activity.

22. There was a causal connection between Plaintiff's protected activity and the Defendant's retaliation and constructive discharge.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all damages and relief under the federal law including compensatory damages, reinstatement, attorneys' fees, costs and expenses, and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

23. Plaintiff requests a jury trial on all issues so triable.

**DATED** June 17, 2020.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/ Scott L. Terry*

**SCOTT L. TERRY**
Florida Bar No.: 77105
Primary: sterry@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN**
Florida Bar No. 907804
Primary: wolfgang@fgbolaw.com
Secondary: tina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff