## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EUGENE WILLIAMS**

     **Plaintiff,**

**v.**                          **CASE NO.: 8:20-CV-01397**

**NATIONAL AVIATION**
**SERVICES, LLC,**

     **Defendant.**

### DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant National Aviation Services, LLC (hereinafter "Defendant"), hereby files its Answer and Defenses to the Complaint filed by Plaintiff Eugene Williams ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.     Defendant admits this Court has jurisdiction in accordance with 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States but Defendant denies Plaintiff is entitled to any relief.

2.     Defendant admits venue lies within the United States District Court for the Middle District of Florida, Tampa Division. Defendant denies the remaining allegations in Paragraph 2 of the Complaint and denies Plaintiff is entitled to any relief.

### PARTIES

3.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.     Defendant admits the allegations in Paragraph 4 of the Complaint.

5.     Defendant admits the allegations in Paragraph 5 of the Complaint

## FACTUAL ALLEGATIONS

6.  Defendant admits the allegations in Paragraph 6 of the Complaint.

7.  Defendant is without sufficient knowledge or information to admit or deny whether a male co-worker named Joel made disparaging and racist comments about Plaintiff's race and therefore denies the same. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.  Defendant denies the allegations in Paragraph 8 of the Complaint.

9.  Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits Plaintiff spoke to the Station Manager. Defendant denies Plaintiff spoke to the Station Manager about discriminatory behavior. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Defendant admits Plaintiff reached out to Human Resources, Defendant's Human Resources representative asked Plaintiff to return to work and that Plaintiff returned to work. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits when Plaintiff returned to work Joel and Valentino were no longer there. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

## COUNT I
## RACE DISCRIMINATION – 42 U.S.C §1981

14. Defendant re-alleges and adopts the responses to Paragraphs 1-13 as though fully set forth herein.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

Answering the WHEREFORE clause following Count I of the Complaint, Defendant denies that Plaintiff is entitled to any legal, equitable or other relief.

### COUNT II
### RACE RETALIATION – 42 U.S.C §1981

19.     Defendant re-alleges and adopts its responses to Paragraph 1 – 13 as though fully stated herein.

20.     The allegations contained in Paragraph 20 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

Answering the WHEREFORE clause following Count II of the Complaint, Defendant denies that Plaintiff is entitled to any legal, equitable or other relief.

Defendant denies any and all allegations that have not been specifically admitted or denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Plaintiff's claims should be dismissed in whole or in part for failure to state a claim or claims upon which relief can be granted.

#### SECOND DEFENSE

All employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, and for legitimate, non-discriminatory and non-retaliatory reasons.

#### THIRD DEFENSE

Defendant is insulated from liability for any alleged discrimination and retaliation, because Defendant's policies prohibited discrimination and retaliation, Defendant neither knew nor had any reason to know of the alleged acts or omissions complained of in this case, and/or Defendant promptly took corrective remedial actions when Defendant was informed of any alleged misconduct.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged discriminatory/retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

## FIFTH DEFENSE

To the extent that any recovery of Plaintiff's Complaint may be either completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff may be otherwise entitled must be appropriately offset.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that he has failed to fully mitigate alleged damages or other losses required by law.  Any damages alleged by Plaintiff must be offset by interim earnings, severance pay, and any other pay benefits as required by law.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct contributed to his alleged damages.

## EIGHTH DEFENSE

Defendant denies that Plaintiff was subjected to any discriminatory or retaliatory employment practice, but states that if such a practice or action is found, the same employment

decision(s) regarding Plaintiff would have been made in the absence of any discriminatory or retaliatory motive.

NINTH DEFENSE

Any award of punitive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to Defendant by the United States Constitution; a punitive award is, therefore, barred.

TENTH DEFENSE

Assuming any of Plaintiff's protected rights were violated, Defendant is not liable for punitive damages because of any improper acts on the part of its employees as those acts were contrary to Defendant's good faith efforts to comply with the law by implementing policies and programs designed to prevent such improper acts in the workplace.

ELEVENTH DEFENSE

Plaintiff's discrimination claims are barred because the alleged conduct complained of is not sufficiently severe or pervasive to alter the terms or conditions of employment, and would not be considered hostile or offensive by a reasonable person.

TWELFTH DEFENSE

To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff her protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

THIRTEENTH DEFENSE

Any damages (assuming Plaintiff has any) were of Plaintiff's own making and not proximately caused by any action of Defendant.

## FOURTEENTH DEFENSE

Plaintiff voluntarily resigned from his employment and cannot demonstrate he was constructively discharged.

## FIFTEENTH DEFENSE

Plaintiff admitted he violated Defendant's policies and procedures and was subject to discipline due his violations.

## **Reservation of Rights**

Defendant reserves the right to plead other defenses as they become known to Defendant during the litigation of this case.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint and Demand for Jury Trial and having raised defenses thereto, Defendant prays that judgment be entered against Plaintiff and that it be granted any such other relief deemed appropriate.

Dated this 14th day of July 2020.

Respectfully submitted,

FISHER & PHILLIPS LLP

_s/Christine Howard_
Christine Howard, Esq.
Florida Bar No.: 87229
choward@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone:     (813) 769-7500
Facsimile:     (813) 769-7501

_Attorneys for Defendant_

FP 38088540.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following:

Scott L. Terry, Esq.
Florida Bar. No.: 77105
Wolfgang M. Florin
Florida Bar No.: 907904
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Direct Tel.: (727) 254-5255
Facsimile: (727) 483-7942
Email: sterry@fgbolaw.com
wolfgang@fgbolaw.com
Attorneys for Plaintiff


*/s Christine Howard*
Christine Howard, Esq.