## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EUGENE WILLIAMS**

    **Plaintiff,**

**v.**                              **CASE NO.: 8:20-CV-01397**

**NATIONAL AVIATION**
**SERVICES, LLC,**

    **Defendant.**

### DEFENDANT NATIONAL AVIATION SERVICES, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant NATIONAL AVIATION SERVICES, LLC (hereinafter "Defendant"), requests that Plaintiff EUGENE WILLIAMS answer the following interrogatories fully, separately, under oath, and in accordance with the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all questions propounded in this set of interrogatories unless made expressly inapplicable by the particular interrogatory.

1.    In answering these interrogatories, you are required to furnish all information that is available to you, including information in the possession of your agents, attorneys, investigators, and anyone else acting on your behalf.

2.    If you cannot fully answer a particular interrogatory after exercising due diligence to secure the information necessary to do so, state that fact with respect to each such interrogatory and answer to the fullest extent possible, specifying in detail your inability to answer the remainder thereof and stating whatever information, material or knowledge you

have concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.      The singular number and masculine gender shall include, and be applied as, the plural or feminine or neutral, as the circumstances of the particular interrogatory may make appropriate.

4.      These interrogatories are continuing in nature and you are requested to promptly provide, by way of supplemental answers, such additional information as may hereafter be obtained by you or any person acting on your behalf to the full extent required by the Federal Rules of Civil Procedure.

5.      If a claim of privilege is asserted as to any oral or written communication responsive to or requested by these interrogatories, please identify such oral or written communication, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication, so as to allow Defendant to bring this matter before the Court. Communications shall be deemed to be adequately described for this purpose if the following information is provided:

a.      The nature of the privilege claimed (the term privilege as used herein shall include work product);

b.      The identity and position of the person(s) who made the statement or prepared the document;

c.      In the case of written communications, the approximate date the document was prepared, its title, the type of document (e.g. letter, memo, etc.), the name and address of the

person(s) to whom it is addressed and the person(s) to whom it was sent, and the name and position of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

      d.     In the case of oral communications, the location and approximate date of each such communication, the identity of each person who was a party to the communication, and the identity of each person, including any attorney who may represent the Plaintiff in connection with this lawsuit, to whom the contents or substance of the communication, or any part thereof, has been communicated; and,

      e.     A brief description or summary of the contents or substance of the communication sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.     The terms "you", "your" and "Plaintiff" refer to EUGENE WILLIAMS.

2.     The term "Defendant" refers to NATIONAL AVIATION SERVICES, LLC.

3.     The term "Complaint" includes the original Complaint filed in this matter and any subsequent amendments.

4.     The term "Action" shall mean the case entitled *Eugene Williams v. Asbury Automotive Group, Inc. et. al*, Case No. 8:20-CV-01397, pending in the United States District Court for the Middle District of Florida.

5.     "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a person shall include the acts and knowledge of that person's directors, officers, members,

partners, associates, employees, representatives, agents and attorneys.

6.      "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to, communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation, indication of copies sent or received and drafts. "Document" also includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives. ***"Document" specifically includes documents (business or personal) in Plaintiff's possession, custody or control.***

7.      "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation,

any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact. "Communication" includes "electronic communications" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

8.    "Identify" means:

a.    with respect to a person, to state: (i) full name; (ii) last known home address and telephone number; (iii) last known business address and telephone number; (iv) name and address of employer; and (v) position or job title.

b.    with respect to an oral communication, to state: (i) by and to whom it was made; (ii) the date when it was made; (iii) all persons present when it was made; and (iv) if it was memorialized, summarized, referenced, recorded or transcribed in any document or documents, and if so, to identify such document or documents.

c.    with respect to a document, to state: (i) its nature, i.e., whether it is a letter, memorandum, etc.; (ii) by whom it was generated, to whom it was addressed, and to whom any copies were directed and/or transmitted; (iii) the date(s) when it was generated and/or transmitted; (iv) the title or heading of the document; (v) the number of pages in the document, including enclosures, attachments or exhibits thereto; and (vi) the name and present or last known address of the possessor of the original of the document or, if the original is unavailable, the most legible copy thereof.

d.      with respect to an expert, to state: (i) full name; (ii) business address and telephone number; (iii) name and address of employer; (iv) position or job title; and (v) qualifications in each area of expertise.

e.      with respect to an injury, illness or condition, to state: (i) a detailed description of the injury, illness, or condition; (ii) when it occurred; (iii) what caused it; (iv) how it occurred; and (v) whether you are currently suffering from it, and to what extent.

f.      with respect to a hospital, infirmary, sanitarium, nursing home, clinic or other institution or facility providing treatment, advice, therapy or counseling, to state: (i) full name; and (ii) address and telephone number.

g.      with respect to an employer, to state: (i) full name; (ii) address and telephone number; and (iii) type of business in which the employer engages.

## INTERROGATORIES

### INTERROGATORY NO.  1:

Identify every employer, its address, and telephone number, including yourself if you are or have been self-employed, for whom you have worked since first entering the workforce, and for each such employer state the following: your dates of employment, your position(s) or title(s), the name of your immediate supervisor, the pay and benefits you received and/or were offered, and the reason for your termination, layoff or resignation.

### RESPONSE:

**INTERROGATORY NO. 2:**

Identify the name, address, and telephone number of each employer (including military) with whom you have applied for employment or from whom you have sought employment during and/or subsequent to your employment by Defendant, and for each such employer, specify the date of each application and/or interview, the identity of the person to whom you submitted the application or with whom you had an interview, whether you received an offer of employment, and whether you accepted that offer.

**RESPONSE:**

**INTERROGATORY NO. 3:**

If you have ever filed for bankruptcy, state the type of bankruptcy petition filed, *i.e.*, Chapter 7 or 13, the court in which it was filed, the date it was filed, and its current status or resolution.

**RESPONSE:**

**INTERROGATORY NO.  4:**

Identify all persons with whom you have communicated regarding your allegations in this action, the date you communicated with them, and describe the substance of each communication.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify the name, work and home address, and telephone number of each person you either know or believe to have knowledge of any facts which support, discredit and/or relate to any of your claims or contentions in this action, and for each such person, describe what facts or knowledge each such person has.

**RESPONSE:**

**INTERROGATORY NO. 6:**

State whether you or any representative on your behalf has spoken with or obtained statements, reports, memoranda or recordings from any person regarding the facts of this case or the matters alleged in your pleadings.  If the answer is yes, separately identify the individual, author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; the substance of each statement, report, memorandum or recording; and the date each such statement, report, memorandum or recording was prepared by the person with knowledge of the allegations made in this action.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Identify all documents and tangible items, objects, or things which evidence, support, discredit, refer to, and/or relate to your claims in this action. Include in your response, whether anyone tape-recorded, videotaped or otherwise recorded any conduct, communications, conversations or other activity relating to any of the facts or circumstances referred to in the Complaint and the present location of any such recording.

**RESPONSE:**

**INTERROGATORY NO. 8:**

State whether you maintained a diary, journal, notebook, log, appointment book, calendar, or similar documents concerning your employment with Defendant or which refer or relate to any of the facts or circumstances surrounding the incidents relating to this action, and if so, provide the name, address, and phone number of every person who is or has ever been in possession, custody or control of such item.

**RESPONSE:**

**INTERROGATORY NO. 9:**

As to your claim for monetary damages, identify each element or component of the damages sought in this action, including, but not limited to, lost or back wages and benefits, attorney's fees, emotional distress, and punitive damages; the dollar amount of each element/component of the damages alleged in the Complaint less any interim earnings or other offsets to claims of lost or back wages and benefits; any factual or legal assumption(s)

necessary to the computation of each such element/component of the damages; the method(s) used to compute each element/component; the person who made the computations; and the identity of any documents supporting said calculations.

**RESPONSE:**

**INTERROGATORY NO. 10:**

State every source of income you have had since October 2019 through the conclusion of this matter, setting forth the amount of income from each source and the dates received, including but not limited to income received through employment, self-employment, federal, state or other government assistance (including unemployment compensation), insurance and/or private or charitable donations.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify all physicians (including psychiatrists), osteopaths, chiropractors, psychologists, counselors, therapists, or other health professionals, and any hospital, clinic, or similar facility, from whom you have received treatment, advice, therapy, or counseling in the past ten (10) years, and for each, state what mental, emotional, or physical illness, injury, or condition for which you were treated, advised, or counseled; whether the illness, injury, or condition was found to be related to your employment with Defendant and how it was related; on what date or dates you were treated, advised, or counseled; what diagnosis or prognosis was given; the result of the treatment; what medications were prescribed; and whether you still

suffer from the illness, injury, or condition.

**RESPONSE:**


**INTERROGATORY NO.  12:**

Identify all social media sites you have used since January 1, 2016, including but not limited to Facebook, SnapChat, Twitter, LinkedIn, Instagram, and blogs, and state whether on any of these sites you have referred to your employment with Defendant, your claims against the Defendant, any damages you claim resulted from your employment with Defendant, and/or reflect your emotional state or wellbeing. In so identifying, state your e-mail addresses; SnapChat, Facebook, LinkedIn, Twitter, Instagram and other internet and social media websites user identifications; and internet providers, since January 1, 2016.

**RESPONSE:**


**INTERROGATORY NO.  13:**

If you have ever been a party to any charge, lawsuit, or other administrative or legal proceeding, please state the name(s) of the parties, the court or agency in which the proceeding or charge was filed, the date it was filed, the case or charge number, the nature of the charge/proceeding, and the outcome.

**RESPONSE:**

**INTERROGATORY NO.  14:**

If you have ever been arrested for a misdemeanor or felony, state the date, place, and charges made in connection with each such arrest, and the ultimate disposition or current status of the charges.

**RESPONSE:**

**INTERROGATORY NO.  15:**

Describe your educational background, including all schools and educational institutions attended, the dates attended, the course(s) of study pursued, and any degree(s) obtained; and any vocational training courses you have taken, whether through your employer or through an outside source, including the name of each course taken, the name of the company or organization providing the course, the dates attended, a brief description of the training involved, and any certifications or designations received.

**RESPONSE:**

**INTERROGATORY NO.  16:**

If you expect to call any person as an expert witness at trial, please identify that person, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO.  17:**

State your full name, any names by which you have ever been known, current residence address, residence address on the date of the occurrences made the basis of this action, date of birth, social security number, and driver's license number.  Include in your response, whether you are married or have ever been married and the names and ages of any children.

**RESPONSE:**

**INTERROGATORY NO.  18:**

Identify with specificity the names of each similarly situated employee who is outside your protected classes who you claim were treated more favorably than you.

**RESPONSE:**

**INTERROGATORY NO.  19:**

Identify all persons who have either answered or assisted in answering these interrogatories.

**RESPONSE:**

## <u>VERIFICATION</u>

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct to the best of my knowledge.

_____
EUGENE WILLIAMS

STATE OF FLORIDA _____)

COUNTY _____)

SWORN TO AND SUBSCRIBED before me this ____ day of _____ 2020, by EUGENE WILLIAMS, who is personally known to me or has produced _____ as identification.

NOTARY PUBLIC

_____
(Notary Signature)

_____
(Notary Name Printed)

Commission No. _____

(NOTARY SEAL)

Dated this 14th day of August 2020.

Respectfully submitted,

FISHER & PHILLIPS LLP

*s/Christine Howard*
Christine Howard, Esq.
Florida Bar No.: 87229
choward@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone:     (813) 769-7500
Facsimile:     (813) 769-7501

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2020, the foregoing was provided via

electronic mail to counsel of record:

Scott L. Terry, Esq.
Florida Bar. No.: 77105
Wolfgang M. Florin
Florida Bar No.: 907904
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Direct Tel.: (727) 254-5255
Facsimile: (727) 483-7942
Email: sterry@fgbolaw.com
wolfgang@fgbolaw.com
Attorneys for Plaintiff

*/s Christine Howard*
Christine Howard, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EUGENE WILLIAMS**

      **Plaintiff,**

**v.**                          **CASE NO.: 8:20-CV-01397**

**NATIONAL AVIATION**
**SERVICES, LLC,**

      **Defendant.**

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34, Fed. R. Civ. P., Defendant NATIONAL AVIATION SERVICES, LLC ("Defendant"), requests that Plaintiff EUGENE WILLIAMS ("Plaintiff") produce for inspection and copying at the offices of Fisher & Phillips LLP, 101 E. Kennedy Blvd., Suite 2350, Tampa, Florida, 33602 the requested documents within thirty (30) days from the date of service of this request.

### PRELIMINARY STATEMENT AND INSTRUCTIONS

The following instructions are to be considered applicable to all requests propounded in this discovery unless made expressly inapplicable by the particular request.

1. In answering this discovery, please furnish all information that is available to you, including information in the possession of your agents, attorneys, investigators, and anyone else acting on your behalf.

2. If you cannot fully answer a particular request after exercising due diligence to secure the information necessary to do so, state that fact with respect to each such request and answer to

the fullest extent possible, specifying in detail your inability to answer the remainder thereof and stating whatever information, material, or knowledge you have concerning the unanswered portion, and further stating what efforts were made, and by whom, to obtain the information requested in the unanswered portion.

3.   If a claim of privilege is asserted as to any oral or written communication responsive to or requested by this discovery, please identify such oral or written communication, the precise privilege asserted, the factual predicate for such assertion, and those persons who have knowledge regarding any facts contained in, or regarding the substance of, said communication, so as to allow Defendant to bring this matter before the Court.  Communications shall be deemed to be adequately described for this purpose if the following information is provided:

a.   The nature of the privilege claimed (the term privilege as used herein shall include work product);

b.   The identity and position of the person(s) who made the statement or prepared the document;

c.   In the case of written communications, the approximate date the document was prepared, its title, the type of document (e.g. letter, memo, etc.), the name and address of the person(s) to whom it is addressed and the person(s) to whom it was sent, and the name and position of each person, including attorneys acting on behalf of or representing Plaintiff in connection with this lawsuit, to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

d.   In the case of oral communications, the location and approximate date of each such communication, the identity of each person who was a party to the communication, and the identity of each person, including attorneys acting on behalf of or representing Plaintiff in connection with

this lawsuit, to whom the contents or substance of the communication, or any part thereof, has been communicated; and,

     e.   A brief description or summary of the contents or substance of the communication sufficient to explain the basis for the claim of privilege.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.   "Plaintiff," "you," "your," "he," or "his" as used herein means Plaintiff, EUGENE WILLIAMS, and all his agents, including without limitation his attorneys and his attorneys' staff.

2.   "Defendant," as used herein, means NATIONAL AVIATION SERVICES, LLC.

3.   "Person" means a natural person, corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity; and the acts and knowledge of a person shall include the acts and knowledge of that person's directors, officers, members, partners, associates, employees, representatives, agents, and attorneys.

4.   "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including but not limited to communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stub reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including but not limited to originals and all copies which are different in any way from the originals, whether by

interlineation, receipt stamp, notation, indication of copies sent or received and drafts. "Document" also includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives. ***"Document" specifically includes documents (business or personal) in Plaintiff's possession, custody or control.***

5.     When a document to be produced is an e-mail, please produce all copies of the e-mail, and any e-mails, notes, memoranda or other documents to which the e-mail was sent in response, and/or any e-mails, notes, memoranda or documents sent subsequently to the e-mail which are in response to the e-mail, or which relate to the e-mail in any way, and/or any e-mails or documents forwarding the e-mail.

6.     "Communication" shall mean any contact, oral or written, formal or informal at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring or relating to any such contact. "Communication" includes "electronic communications" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, personal digital assistants (including Blackberry, smart phones or similar text messaging devices, pagers, telephones, cellular and mobile phones including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

7.   All terms and words used in the following Document Requests shall have the meaning as set forth in Merriam Webster's Collegiate Dictionary, latest edition unless otherwise defined herein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents that Plaintiff identified, to which Plaintiff referred or reviewed, or upon which Plaintiff relied, in answering Defendant's First Set of Interrogatories.

2.      All documents or tangible items (including, but not limited to, notes, calendars, diaries, journals, memoranda, letters, e-mails, or tape recordings) evidencing, supporting, relating to and/or referring to in any manner any of the allegations contained in Plaintiff's Complaint.

3.      All documents or tangible items (including, but not limited to, notes, calendars, diaries, journals, memoranda, letters, e-mails, or tape recordings) evidencing, supporting, relating to and/or referring in any manner to any of the allegations contained in Plaintiff's Complaint regarding race discrimination and/or retaliation.

4.      All documents that evidence, relate to and/or refer to any attempts to correspond or communicate with current or former employees of Defendant by hard paper, text message, email or other electronic means, including, but not limited to, Facebook, Slack, Instagram, WhatsApp, Twitter, LinkedIn, GroupMe, or similar social networking or blogging sites, text message or e-mail regarding the facts giving rise to the allegations contained in Plaintiff's Complaint or Defendant's defenses in this matter.

5.      All documents that evidence, relate to and/or refer to any communications with current or former employees of Defendant by hard paper, text message, email or other electronic means, including, but not limited to, Facebook, Slack, Twitter, LinkedIn, WhatsApp, GroupMe, or similar social networking or blogging sites, from August 1, 2019 through the present.

6.      All documents that evidence, relate to and/or refer to any attempts to correspond or

communicate with any person by hard paper, text message, email or other electronic means, including, but not limited to, Facebook, Slack, Twitter, LinkedIn, WhatsApp, GroupMe, SnapChat, or similar social networking or blogging sites, that reflect or refer to your employment with Defendant, your claims against Defendant, any damages you claim resulted from your employment at Defendant, and/or your health or emotional state or wellbeing.

7.      All diaries, calendars, appointment books, or similar documents that evidence Plaintiff's activities during his employment with Defendant.

8.      All digital, audio or visual tapes or similar devices recording any conversations between or among any persons, including, but not limited to, Plaintiff and Defendant, its former or present agents, representatives, and employees, concerning the allegations in Plaintiff's Complaint or Defendant's defenses in this matter, and any transcripts or summaries of the same.

9.      All photographs, computer images, videos, audio tapes, video tapes, or other similar items or recordings that relate in any way to the facts or circumstances surrounding the allegations, claims, or defenses raised in this lawsuit.

10.     All documents that evidence, relate to and/or refer to Plaintiff's claims for damages, including but not limited to documents relating to Plaintiff's alleged entitlement to such damages as well as the nature and computation of such damages, including attorney's fees, and including any agreement or correspondence relating to attorney's fees.

11.     All documents that evidence, relate to and/or refer to any medical, psychiatric, psychological, or physical illnesses, injuries, or conditions suffered by Plaintiff within the last ten (10) years, including, but not limited to, all intake notes, intake summaries, and prescriptions.

12.     If Plaintiff is seeking damages for emotional distress, mental anguish, humiliation, pain and suffering or similar conditions, produce any and all medical records, including records, notes, charts, reports, letters, prescriptions, or other documents relating to any treatment received

by Plaintiff from any physician (including psychiatrist), psychologist, psychotherapist or other mental health counselors that support or refute Plaintiff's claim for damages due to emotional trauma, pain and suffering, and mental anguish as alleged in Plaintiff's Complaint.

13.     All documents submitted by Plaintiff or on Plaintiff's behalf to any carrier, third party administrator, and/or government agency (e.g., Social Security Administration) in support of any pursuit of benefits whether for short, long-term, temporary or permanent disabilities.

14.     All documents that evidence, relate to and/or refer to whether, when and/or how Defendant learned of Plaintiff's allegations alleged in Plaintiff's Complaint.

15.     All documents that evidence, relate to and/or refer to whether, when and/or how Defendant investigated Plaintiff's allegations alleged in Plaintiff's Complaint.

16.     All documents that evidence, relate to and/or refer to Defendant's pay plans, job descriptions, handbooks, procedure manuals, policies, procedures or similar documents.

17.     All documents that evidence, relate to and/or refer to the terms and conditions of Plaintiff's employment with Defendant.

18.     All documents that evidence, relate to and/or refer to the duties and responsibilities of Plaintiff's position at Defendant.

19.     All documents that evidence, relate to and/or refer to the compensation to be paid to Plaintiff while employed by Defendant.

20.     All business records of Defendant which are in Plaintiff' possession, custody, or control.

21.     All documents removed by Plaintiff, electronically or otherwise, from Defendant's premises, and every photocopy made by Plaintiff of any documents located at any time at Defendant's premises or in its computer system.

22.     All documents that evidence, relate to and/or refer to any contacts or

communications between Plaintiff and Defendant, its former or present agents, representatives, employees, or customers concerning the allegations in Plaintiff' Complaint or Defendant's defenses in this matter.

23.     All documents that evidence, relate to and/or refer to any contacts or communications between Plaintiff and any person concerning the allegations in Plaintiff's Complaint or Defendant's defenses in this matter.

24.     All documents that evidence, relate to and/or refer to the amount and source of income received by or accruing to Plaintiff from October 2019 and continuing to the conclusion of this lawsuit, including, but not limited to, federal and state income tax returns, W-2 forms, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, state or federal welfare or disability benefits documents, and insurance benefits.

25.     All documents provided to or received from any federal, state, or local agency relating to Plaintiff' employment at Defendant, including but not limited to, documents relating to any charge of discrimination against Defendant, any claim against Defendant, or claim for unemployment compensation.

26.     All documents provided to Plaintiff from any third-party evidencing or relating to the allegations in Plaintiff's Complaint or Defendant's defenses in this matter.

27.     All documents containing a statement, observation, summary or report of any kind by or concerning any person having any direct or indirect knowledge of any matter alleged in the Complaint, including but not limited to, copies of any written, recorded or transcribed statements made by any party or witness relating to the allegations in Plaintiff's Complaint.

28.     All documents evidencing the agreement between Plaintiff and his lawyer(s) for payment of his lawyer's fees, costs and disbursements in connection with this lawsuit.

29.     All documents that evidence, relate to and/or refer to Plaintiff's attempts to find employment during and/or subsequent to his employment with Defendant, through the conclusion of this lawsuit, including, but not limited to, employment applications, resumes, correspondence, notes, and memoranda to or from any prospective employers from whom employment was sought regarding interviews, applications, tests, offers of employment or rejections of applications for employment, and all other documents memorializing or in any other way related to such attempts.

30.     All documents that relate to and/or refer to each job Plaintiff held (whether or not for wages and including self-employment) during and/or subsequent to Plaintiff's employment with Defendant, including, but not limited to, documents relating to job title, job status, or rate of pay; descriptions of jobs held or work performed; employee handbooks and benefit statements of each employer; and documents relating to offers of insurance payments, health benefits, stock transfers, or other benefits to be paid for or provided, in whole or in part, by the employers, regardless of whether those benefits were actually obtained.

31.     All documents that relate to and/or refer to any other charges, complaints, lawsuits, or other legal proceedings filed by Plaintiff, or in which he has participated in any way.

32.     All documents received in connection with any subpoena issued in this litigation or otherwise secured from a non-party to this action.

33.     All documents reflecting any resume of Plaintiff's in existence during the period of his employment with Defendant through the conclusion of this matter.

34.     All documents identified, referenced or used in preparation of Plaintiff's response to the Rule 26(a) Initial Disclosures.

35.     For each expert witness you expect to call at trial, please produce the resume of the expert, all documents you provided to the expert, and all documents upon which the expert bases his or her opinion.

36.     All documents which Plaintiff may introduce into evidence or rely upon at trial, including demonstrative exhibits.

37.     To the extent not identified and produced above, all documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff, and all documents not identified in response to the Requests above, that Plaintiff claims evidence, support or relate to any of the allegations contained in his Complaint.

Respectfully submitted, this 14th day of August 2020.

Respectfully submitted,

FISHER & PHILLIPS LLP

*s/Christine Howard*
Christine Howard, Esq.
Florida Bar No.: 87229
choward@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
101 E. Kennedy Blvd.
Suite 2350
Tampa, FL 33602
Telephone:     (813) 769-7500
Facsimile:     (813) 769-7501

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of August 2020, the foregoing was provided via

electronic mail to counsel of record:

>Scott L. Terry, Esq.
>Florida Bar. No.: 77105
>Wolfgang M. Florin
>Florida Bar No.: 907904
>16524 Pointe Village Drive, Suite 100
>Lutz, FL 33558
>Direct Tel.: (727) 254-5255
>Facsimile: (727) 483-7942
>Email: sterry@fgbolaw.com
>wolfgang@fgbolaw.com
>Attorneys for Plaintiff

>*s/Christine Howard*
>Christine Howard, Esq.